UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ANTONIO GARZA<br>    *Plaintiff* | § § § | |
| vs. | § § | Civil Action No. _____ |
| FEDEX FREIGHT,<br>    *Defendant* | § § § | |

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES ANTONIO GARZA** (hereinafter "Plaintiff") complaining of and about **FEDEX FREIGHT, INC.** (hereinafter "Defendant") and for cause of action shows unto the Court the following:

## PARTIES AND SERVICE

1. Plaintiff **ANTONIO GARZA** is a male citizen of the United States and the State of Texas and resides in Cameron County, Texas.

2. Defendant **FEDEX FREIGHT, INC.** (hereinafter "FedEx Freight") is a company and may be served with process at the following address: P.O. Box 840, Harrison, Arkansas, 72602-0840 (Attention: Brad Crawford, Senior Counsel).

## JURISDICTION & VENUE

3. The action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e et seq., and under the Fourteenth Amendment to the U.S. Constitution, as hereinafter more fully appears. As a result, federal question jurisdiction is invoked pursuant to 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

5. Venue is proper in the Southern District of Texas, Cameron Division, as this is the district where the claims arose in accordance with 28 USC §1391(b)(1), (2).

## NATURE OF ACTION

6. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., as amended by the Civil Rights Act of 1991, for employment discrimination on the basis of retaliation for reporting sexual harassment. Similarly, Plaintiff files this suit under the corresponding state law, Texas Commission on Human Rights Act (TCHRA), Texas Lab. Code §§ 21.001- 21.556.

## CONDITIONS PRECEDENT

7.      All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination was filed with the Equal Employment Opportunity Commission within three-hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.

## FACTS

8.      Plaintiff began his employment with FedEx Freight as a driver on or about August 15, 1995.

9.      On or about December 8, 2012, Plaintiff was a victim of sexual harassment at his work place, located at 2701 U.S. Highway 77, Harlingen, Texas. During this incident, Plaintiff entered the break room, where several drivers were gathered and laughing. One driver, named Steve Perez, berated and insulted Plaintiff, showing everyone in the workroom a pornographic photo that was labeled as Plaintiff's contact phone number on his mobile phone. The graphic photo depicted a man on his knees being penetrated by a horse.

10.     Following this incident, Plaintiff reported Steve Perez's inappropriate behavior to his supervisor. Following an investigation, Steve Perez was terminated from FedEx Freight.

11.     Subsequently, Plaintiff became the target of harassment and ridicule by other drivers. For instance, on or about January 7, 2013, Plaintiff approached driver Ruben Alvarado. Upon salutation, Mr. Alvarado yelled at Plaintiff, calling him a child, and blaming him for the termination of Mr. Perez.

12.     After that particular incident, Plaintiff reported the retaliatory behavior to his supervisor, Danny Ruiz, and also to Rob Lytle. Mr. Ruiz told Plaintiff he would note the behavior in his file. Mr. Lytle told Plaintiff, "You brought this upon yourself," and told Plaintiff that he could not force friends of Steve Perez to like Plaintiff. In response, Plaintiff reiterated that he was reporting the behavior because he felt hostility from Mr. Alvarado and other drivers at work.

13.     Over the course of the next six months, drivers Ruben Alvarado, Jesse Perez, Roy Pena and Fabian Lopez ridiculed and harassed Plaintiff by spreading false rumors about him, laughing at him in public, and intimidating him at the work place. Although Plaintiff reported this behavior to the HR General Office, no corrective action was taken.

14.     On or about June 25, 2013, Plaintiff inadvertently failed to remove a nose stand from his lead trailer. As a result, Plaintiff was asked to fill out an incident form. Plaintiff was then informed that another driver had reported his behavior to the supervisors.

15.     Plaintiff approached Roy Pena to inquire whether he had reported the incident. After six months of ridicule and harassment, the conversation was heated. Upon realization that Roy Pena had not reported him, Plaintiff sought to apologize, but was rebutted.

16. Plaintiff was asked to write an additional statement. Shortly thereafter, a Supervisor informed Plaintiff that he was being relieved of duty.

17. Plaintiff was interviewed by the Human Resources department who further accused him of work place violence, which Plaintiff categorically denied then and now. Plaintiff's co-workers continued on a strategic plan of harassment and intimidation of Plaintiff so that FedEx Freight would terminate his employment

18. On or about July 1, 2013, Keith Majors and Jacob Lopez met with Plaintiff. Majors informed Plaintiff that he was terminated because the General Office asked for his termination due to failure to remove the nose stand and due to the subsequent incident in the break room.

## COUNT I: RETALIATION

19. Plaintiff herein incorporates paragraphs 1 – 18 of his Complaint.

20. Defendant FedEx Freight by and through FedEx Freight agents engaged in intentional retaliation in the terms and conditions of the Plaintiff's employment, including but not limited to failure to protect Plaintiff from being in a hostile work environment, and Plaintiff's termination.

21. Defendant FedEx Freight by and through FedEx agents retaliated against Plaintiff for reporting an incident of sexual harassment in violation of the Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

22. Plaintiff was terminated for engaging in the protected act of reporting a sexual harassment claim against a former FedEx Freight employee.

23. Plaintiff alleges that Defendants willfully violated the protected rights of Plaintiff by failing to address a situation in which employees were harassing, teasing and demeaning Plaintiff as a result of his reporting an incident of sexual harassment.

24. Defendants' acts constitute a violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and Texas Lab. Code §§ 21.001- 21.556.

## RESPONDEAT SUPERIOR AND RATIFICATION

25. Whenever in this complaint it is alleged that the Defendant FedEx Freight did any act or thing, it is meant that the Defendants' officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant(s) or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives.

## DAMAGES

26. Plaintiff incorporates paragraphs 1-25 of his Complaint.

27. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendants described hereinabove:

    a. All reasonable and necessary Attorneys' fees incurred by or on behalf of Plaintiff;
    b. Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;
    c. All reasonable and necessary costs incurred in pursuit of this suit;
    d. Emotional pain;
    e. Front pay in an amount the Court deems equitable and just to make Plaintiff whole;
    f. Inconvenience;
    g. Interest as allow by law;
    h. Loss of enjoyment of life;
    I. Mental anguish in the past;
    j. Mental anguish in the future;
    k. Loss of earnings in the past;
    l. Loss of earning capacity which will, in all probability, be incurred in the future;
    m. Loss of retirement benefits;
    m. Loss of benefits;

## EXEMPLARY DAMAGES

28. Plaintiff incorporates paragraphs 1-47 of his Complaint.

29. Plaintiff would further show that the acts and omissions of Defendants complained of herein were committed willfully. In order to punish said Defendants for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendants for exemplary or punitive damages.

## SPECIFIC RELIEF

30. Plaintiff seeks the following specific relief, which arises out of the actions and/or omissions of Defendants described hereinabove:
    a. Reinstate Plaintiff;
    b. Reinstate Plaintiff to the position and pay grade, which Plaintiff held but for the unlawful employment actions of Defendants;
    c. Reinstate all benefits to which Plaintiff was entitled but for the unlawful employment actions of Defendants;

## JURY DEMAND

45. **PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, ANTONIO GARZA, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; damages as addressed to each Defendant, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

BY: /s/ *Ruben R. Pena*
    RUBEN R. PEÑA
    Texas Bar No. 15740900
    Federal ID No. 1216
    2900 Central Blvd., Suite B
    Brownsville, Texas 78520
    Telephone No. (956) 546-5775
    Facsimile No. (956) 546-5778